UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11152 RWZ

-----------------------------------x
TRUCKLEASE CORPORATION
d/b/a AMI LEASING,

        Plaintiff,    :    Civ. A. No. _____

    v.    :

UNIVERSAL LOGISTICS    :
SERVICES, INC.,

    :

        Defendant.
-----------------------------------x

## ANSWER, AFFIFRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Universal Logistics Services, Inc. ("ULS"), by and through its undersigned counsel, answers the Complaint upon knowledge as to itself and otherwise upon information and belief as follows:

1.    ULS admits the allegations contained in paragraph 1.

2.    ULS admits that it is a Georgia corporation with its principal place of business located in Alpharetta, Georgia. ULS denies the remaining allegations of paragraph 2.

3.    ULS admits that it and AMI are parties to Vehicle Lease No. T2888, but denies that the copy of that document attached to the Complaint at Exhibit A is complete and accurate. ULS avers that the copy of the lease agreement submitted by AMI is missing Schedule A. A complete and accurate copy of the lease agreement is attached hereto as Exhibit 1.

4.    ULS denies the allegations contained in paragraph 4.

5.    ULS denies the allegations contained in paragraph 5.

-1-

6. ULS denies the allegations contained in paragraph 6.

7. ULS avers that the allegations contained in paragraph 7 are plaintiff's legal conclusion to which no response is required. To the extent paragraph 7 may be deemed to contain factual allegations, they are denied.

8. ULS avers that the allegations contained in paragraph 8 are plaintiff's legal conclusion to which no response is required. To the extent paragraph 8 may be deemed to contain factual allegations, they are denied.

9. ULS restates and reincorporates the allegations set forth in paragraphs 1-8 above as though fully set forth herein.

10. ULS admits the allegations contained in paragraph 10.

11. ULS admits the allegations contained in paragraph 11.

12. ULS denies the allegations contained in paragraph 12.

13. ULS denies the allegations contained in paragraph 13.

14. ULS avers that the allegations contained in paragraph 14 are plaintiff's legal conclusion to which no response is required. To the extent paragraph 14 may be deemed to contain factual allegations, they are denied.

15. ULS avers that the allegations contained in paragraph 15 are plaintiff's legal conclusion to which no response is required. To the extent paragraph 15 may be deemed to contain factual allegations, they are denied.

16. ULS restates and reincorporates the allegations set forth in paragraphs 1-15 above as though fully set forth herein.

17. ULS avers that the allegations contained in paragraph 17 are plaintiff's legal conclusion to which no response is required. To the extent paragraph 17 may be deemed to contain factual allegations, they are denied.

18. ULS avers that the allegations contained in paragraph 18 are plaintiff's legal conclusion to which no response is required. To the extent paragraph 18 may be deemed to contain factual allegations, they are denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

This action is barred by the doctrines of ratification, unclean hands and/or waiver.

#### Second Affirmative Defense

This action is barred, in whole or in part, because some or all claims are subject to arbitration.

#### Third Affirmative Defense

This action is barred for failure of consideration.

#### Fourth Affirmative Defense

This action is barred, and any recovery is limited, because plaintiff failed to mitigate damages.

#### Fifth Affirmative Defense

This action is barred because any damages suffered by plaintiff were caused by its own conduct.

## COUNTERCLAIMS

Defendant and counterclaimant ULS, by its undersigned counsel, alleges upon knowledge as to itself and otherwise upon information and belief as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1332 and 1441 because the parties are completely diverse and the amount in controversy exceeds $75,000.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### Parties

3. Counterclaimant ULS is a Georgia corporation with its principal place of business in Alpharetta, Georgia.

4. Counterclaim defendant AMI is a Massachusetts corporation with its principal place of business in Worcester Massachusetts.

### Allegations

5. In 2001, ULS leased six trucks from AMI for a three year term at the rate of $409.87 per week for each truck. Vehicle Lease No. T2888 (the "Lease Agreement") is dated February 26, 2001 and was executed on April 25, 2001. A complete and accurate copy of the Lease Agreement is attached hereto as Exhibit 1.

6. As designated on Schedule A of the Lease Agreement, AMI was the party responsible to repair, service and maintain the vehicles. Maintenance of the vehicles included "road service." Schedule A ¶ 6. In the event of mechanical trouble with a leased vehicle, ULS was obligated to "notify AMI by the speediest means available" "no later than the date of occurrence." Lease Agreement ¶ 3(a)(1)&(3).

7. Under the Lease Agreement, AMI agreed "to furnish a substitute vehicle and like services, at no extra charge, for any Vehicle . . . which may be temporarily inoperable because of mechanical failure . . .." Lease Agreement ¶ 6. "Failure of AMI to furnish a substitute vehicle within a reasonable time . . . shall cause the rental charges of the inoperable Vehicle to abate until it is returned to [ULS's] service or until a substitute is tendered . . .." Id.

8. Throughout the term of the Lease Agreement, AMI failed to fulfill its obligation to repair, service and maintain the vehicles on numerous occasions. The final straw occurred on December 13, 2003 when tractor A5 failed to start. AMI was notified immediately of the problem. Despite several unkept promises, AMI failed to fix the tractor or to provide a substitute in accordance with the terms of the Lease Agreement.

9. As a result of AMI's multiple, flagrant breaches of the Lease Agreement, ULS incurred damages from having to rent substitute vehicles from another company.

## Claims

### COUNT I
(Breach of Contract for Failure to Repair, Service and Maintain Vehicles)

10. ULS restates and reincorporates the allegations set forth in paragraphs 1-9 above as though fully set forth herein.

11. The Lease Agreement obligated AMI to repair, service and maintain the vehicles ULS leased from AMI.

12. ULS fulfilled all of its obligations under the Lease Agreement by promptly notifying AMI by the speediest means available whenever a vehicle was in need of repair, service or maintenance.

13. AMI breached its obligations under the Lease Agreement by failing to repair, service and maintain the leased vehicles in accordance with the terms of the Lease Agreement.

14. As a result of AMI's multiple, flagrant breaches of the Lease Agreement, ULS suffered damages.

COUNT II
(Breach of Contract for Failure to Furnish Substitute Vehicles)

15. ULS restates and reincorporates the allegations set forth in paragraphs 1-14 above as though fully set forth herein.

16. The Lease Agreement obligated AMI to furnish a substitute vehicle and like services, at no extra charge, if any of the leased vehicles became inoperable due to mechanical failure.

17. The Lease Agreement provided for the abatement of rental charges in the event AMI failed to furnish substitute vehicles within a reasonable time.

18. AMI breached its obligations under the Lease Agreement by failing to provide substitutes for inoperable leased vehicles in accordance with the terms of the Lease Agreement.

19. As a result of AMI's multiple, flagrant breaches of the Lease Agreement, ULS suffered damages.

**Prayer for Relief**

WHEREFORE, ULS prays for judgment as follows:

(A)   enter judgment for ULS on its counterclaims;

(B)   award damages to ULS in an amount to be determined;

(C)   award ULS its reasonable attorney's fees, costs and interest;

(D)   grant such other and further relief as the Court deems just and proper.

           Respectfully submitted,

           UNIVERSAL LOGISTICS SERVICES
           By its attorneys

           _____
           Rudolph F. Pierce (BBO #399380)
           Dennis A. Murphy (BBO #645168)
           GOULSTON & STORRS, P.C.
           400 Atlantic Avenue
           Boston, Massachusetts 02110
           (617) 482-1776

**Certificate of Service**

I, Dennis A. Murphy, hereby certify that I served the foregoing Answer, Affirmative Defenses and Counterclaims by first class mail, postage prepaid, upon counsel for the Plaintiff, Vladimir von Timroth, Esq., Aframe, Barnhill and von Timroth, 370 Main Street, Suite 975, Worcester, MA 01608.

           _____
           Dennis A. Murphy

Dated: June 1, 2004