UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------
TRUCKLEASE CORPORATION                :
d/b/a AMI LEASING,                    :
     Plaintiff, Defendant-in-Counterclaim
                                      :      Civ. A. No. 04-11152 RWZ
v.                                    :
                                      :
UNIVERSAL LOGISTICS                   :
SERVICES, INC.,                       :
     Defendant, Plaintiff-in-Counterclaim
-------------------------------------------------
```

FILED
IN CLERK'S OFFICE

2004 JUN 10  P 2: 16

DISTRICT OF MASS.

### ANSWERS OF PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM TRUCKLEASE CORPORATION D/B/A AMI LEASING TO COUNTERCLAIM OF DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM, UNIVERSAL LOGISTICS SERVICES, INC.

Plaintiff/Defendant-in-Counterclaim Trucklease Corporation d/b/a AMI Leasing (hereinafter "AMI"), by and through its undersigned counsel hereby responds to the Counterclaim of Defendant/Plaintiff-in-Counterclaim Universal Logistics Services, Inc. (hereinafter "Universal"), in accordance with its numbered paragraphs as follows:

### Jurisdiction and Venue

1. No answer required. (As used herein the phrase "No answer required" shall mean that the paragraph contains conclusions of law and/or prayers for relief and not averment of fact as to which an admission or denial is required).
2. No answer required.

### Parties

3. Admitted.
4. Admitted.

### Allegations

5. As this paragraph purports to characterize the terms of a document, AMI refers this Court to the document itself, not to the Defendant/Plaintiff-in-Counterclaim's characterization of it. AMI denies any characterization by the Defendant/Plaintiff-in-Counterclaim of Exhibit 1 inconsistent with the terms contained therein.

6. As this paragraph purports to characterize the terms of a document, AMI refers this Court to the document itself, not to the Defendant/Plaintiff-in-Counterclaim's characterization of it. AMI denies any characterization by the Defendant/Plaintiff-in-Counterclaim of Exhibit 1 inconsistent with the terms contained therein.

7. As this paragraph purports to characterize the terms of a document, AMI refers this Court to the document itself, not to the Defendant/Plaintiff-in-Counterclaim's characterization of it. AMI denies any characterization by the Defendant/Plaintiff-in-Counterclaim of Exhibit 1 inconsistent with the terms contained therein.

8. Denied as to the allegations contained in the first sentence of paragraph 8. Denied as to all factual averment of second sentence of paragraph 8, except for the averment relative to failure of a tractor A5 to start. Denied as to factual averment of the third sentence of paragraph 8 with the exception of the averment that AMI was notified by the Defendant, which averment is admitted. Last sentence of paragraph 8 denied inasmuch as this sentence contains an interpretation by the Defendant of certain events that AMI is unable to either admit or deny.

9. Denied.

### Claims

### COUNT I

### (Breach of Contract for Failure to Repair, Service and Maintain Vehicles)

10. AMI restates and reincorporates its responses to the allegations set forth in paragraphs 1-9 of the Defendant/Plaintiff-in-Counterclaim as therefore set forth herein.

11. As this paragraph purports to characterize the terms of the documents, AMI refers this Court to the document itself, not to the Defendant/Plaintiff-in-Counterclaim's characterization of it. AMI denies any characterization by the Plaintiff of Exhibit 1 inconsistent with the terms contained in it.

12. On information and belief AMI denies each and every allegation contained in this paragraph.

13. Denied.

14. On information and belief AMI denies each and every allegation contained in this paragraph.

### COUNT II
(Breach of Contract for Failure to Furnish Substitute Vehicle)

15. AMI restates and reincorporates its responses to the allegations set forth in paragraphs 1-14 of the Defendant/Plaintiff-in-Counterclaim as therefore set forth therein.

16. As this paragraph purports to characterize the terms of the documents, AMI refers this Court to the document itself, not to the Defendant/Plaintiff-in-Counterclaim's characterization of it. AMI denies any characterization by the Plaintiff of Exhibit 1 inconsistent with the terms contained in it.

17. As this paragraph purports to characterize the terms of the documents, AMI refers this Court to the document itself, not to the Defendant/Plaintiff-in-Counterclaim's characterization of it. AMI denies any characterization by the Plaintiff of Exhibit 1 inconsistent with the terms contained in it.

18. Denied.

19. On information and belief AMI denies each and every allegation contained in this paragraph.

### Prayer for Relief

No answer is necessary.

## AFFIRMATIVE DEFENCES TO COUNTERCLAIM

### First Affirmative Defense

This action is barred by the doctrines of ratification, unclean hands and/or waiver.

### Second Affirmative Defense

This action is barred for failure of consideration.

### Third Affirmative Defense

This action is barred, and any recovery is limited, because Defendant/Plaintiff-in-Counterclaim failed to mitigate damages

### Fourth Affirmative Defense

This action is barred because any of the damages suffered by the Defendant/Plaintiff-in-Counterclaim were caused by its own conduct.

TRUCKLEASE D/B/A AMI LEASING
By its counsel

_____
Vladimir von Timroth, BBO # 643553
Aframe, Barnhill & von Timroth, P.A.
370 Main Street, Suite 975
Worcester, MA 01608-1723
(508) 756-6940
Facsimile # (508) 753-8219

DATE: June 10, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

TRUCKLEASE CORPORATION
d/b/a AMI LEASING,
    Plaintiff, Defendant-in-Counterclaim

v.

UNIVERSAL LOGISTICS
SERVICES, INC.,
    Defendant, Plaintiff-in-Counterclaim

---

:
:
:
:
:

FILED
IN CLERK'S OFFICE

2004 JUN 10  P 2: 16

Civ. A. No. 04- 11152 RWZ

U.S. DISTRICT COURT
DISTRICT OF MASS.

### CERTIFICATE OF SERVICE

I, Vladimir von Timroth, hereby certify that I served the Answers to Counterclaim in Civil Action No. 04-11152 RWZ by mailing first class, postage pre-paid this _10_ day of June, 2004, upon counsel for the Defendant/Plaintiff-in-Counterclaim Dennis A. Murphy, Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, MA 02110.

                                                      _/s/ Vladimir von Timroth_
                                                      Vladimir von Timroth

DATE: June 10, 2004